### Richmond

PHILLIP MARSHALL SANTMIER V. COMMONWEALTH
OF VIRGINIA.

October 8, 1976.

Record No. 760106.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*James M. Stewart, Jr. (E. Eugene Gunter, on briefs), for
plaintiff in error.*

*James E. Kulp, Assistant Attorney General (Andrew P.
Miller, Attorney General, on brief), for defendant in error.*

Per Curiam.

A jury found the defendant, Phillip Marshall Santmier, guilty
of possession of marijuana with intent to distribute and fixed his
punishment at confinement in the state penitentiary for a term
of five years and a fine of $100. Judgment was entered on the
jury's verdict.

Defendant is here on a writ of error limited to whether the
trial court erred (1) in allowing the attorney for the
Commonwealth to cross-examine the defendant as to a prior
marijuana conviction, and (2) in refusing a requested in-
struction.

The evidence shows that on September 24, 1974, several police
officers in the city of Winchester, armed with a search warrant,

went to the home of the defendant's parents to search the outbuildings on the premises and a 1962 Chevrolet truck owned by the defendant. While the officers were executing the warrant on defendant's mother, defendant hurriedly left the house and went into the backyard of the premises.

The search revealed a plastic bag of marijuana concealed between some panelling and the wall of defendant's truck, 70 packages of marijuana in a cooler located in a tool shed, and about a pound of marijuana in two plastic bags in the refrigerator also located in the tool shed.

During the course of the search, Ted Males, a close friend of the defendant, was in the backyard of the premises. Males had been using tools owned by defendant's father to work on a van that he had recently purchased.

Defendant denied any knowledge of marijuana being on the premises. He testified that he had permitted Males to use his truck and that the cooler which contained the 70 packages of marijuana belonged to Males. On direct examination, defendant was asked if he was "aware or knew anything about any substance or material of this kind [marijuana] being in" his truck. The defendant replied, "No sir. I don't use drugs."

On cross-examination, the attorney for the Commonwealth elicited from the defendant, over his objection, that in 1972, he and Ted Males were together in Yuma, Arizona and that the two of them were convicted of an offense "dealing with marijuana."

Males was not present at the trial and consequently did not testify.

■ Defendant contends that the trial court erred in allowing the attorney for the Commonwealth to cross-examine him concerning the prior marijuana conviction because such examination violated our ruling in *Harmon* v. *Commonwealth*, 212 Va. 442, 445, 446, 185 S.E.2d 48, 51 (1971). There we held that the Commonwealth may ask an accused if he had been convicted of a felony, but the name of the felony or the details of the offense may not be shown.

In the present case, however, defendant's answer to the question propounded on direct examination that "I don't use drugs" was calculated to mislead the jury into believing that he knew nothing about marijuana and that he had not had any dealings in drugs, which was untrue. Thus, the defendant opened

the door to cross-examination for the purpose of attacking his credibility. It is one thing for an accused to rely on our holding in *Harmon* to prevent disclosure of the nature of his felony conviction, and quite another thing to use the case as a shield to prevent disclosure of his own untruths. The trial court properly instructed the jurors that defendant's prior marijuana conviction was not to be considered by them to determine whether defendant was guilty of the crime for which he was then being tried, but solely for the purpose of impeaching defendant's credibility. *See Harris* v. *New York*, 401 U.S. 222 (1971); *Walder* v. *United States*, 347 U.S. 62 (1954).

We hold that the trial court did not err, under the circumstances here, in allowing the attorney for the Commonwealth to cross-examine the defendant as to his prior marijuana conviction.

The defendant contends that the trial court erred in refusing an instruction which would have told the jury that "[w]hen two persons had the same opportunity to commit the offense, and if upon the whole evidence in the case there remains a reasonable doubt as to which of the two committed it, then you shall find the defendant not guilty."

The instruction was properly refused. It was not a complete statement of the law under the evidence presented. It would have allowed the jury to acquit the defendant if it concluded that Ted Males was more involved than the defendant. Hence, it ignored the principle that two persons can be found guilty of a crime if the jury believes that they were acting in concert. *See Westry* v. *Commonwealth*, 206 Va. 508, 514, 144 S.E.2d 427, 431, 432 (1965).

For the reasons stated, the judgment is

*Affirmed.*