Richmond

## JAMES GILMORE SADOSKI

v.

## COMMONWEALTH OF VIRGINIA

April 20, 1979.

Record No. 780939.

Present: All the Justices.

*Robert G. Cabell, Jr.*, for appellant.

*Robert E. Bradenham, II, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

Tried by the court, sitting without a jury, on an indictment charging statutory burglary, James Gilmore Sadoski was found guilty as charged. The court sentenced him to serve three years in

the State penitentiary, but suspended execution of the sentence on condition that Sadoski spend 60 days in jail, and placed him on probation for a period of three years.

At trial, Sadoski took the stand in his own defense and testified on direct examination that he had been convicted of a felony. On cross-examination, he was asked how many times he had been convicted of a felony. His counsel's objection to the question was overruled, and Sadoski testified that he had been convicted nine times. We granted Sadoski a writ of error limited to review of the trial court's ruling that it was permissible to ask the accused the number of his felony convictions.

Code § 19.2-268 (Repl. Vol. 1975) permits an accused to testify in his own behalf in any criminal proceeding, "subject to cross-examination as any other witness . . . ." The controlling statute, however, in the present case is Code § 19.2-269 (Repl. Vol. 1975), which provides as follows:

> A person convicted of a felony or perjury shall not be incompetent to testify, but the fact of conviction may be shown in evidence to affect his credit.

In *Hicks* v. *Commonwealth*, 157 Va. 939, 161 S.E. 919 (1932), we construed similar language in the predecessor statute, § 4779 of the 1919 Code, to permit the Commonwealth to ask the accused, who was testifying in his own behalf, how many times he had been convicted of the felony of manufacturing liquor. The answer was that he had twice been convicted of that offense. Insofar as *Hicks* permitted the Commonwealth to identify the felony of which the accused previously had been convicted, the case was expressly overruled by *Harmon* v. *Commonwealth,* 212 Va. 442, 446, 185 S.E.2d 48, 51 (1971). There, we held that, to avoid undue prejudice against the accused, neither the name of the felony, other than perjury, nor the details of the crime were admissible in evidence over his objection, although the fact of his conviction could, of course, be shown. However, as there was evidence in *Harmon* that the defendant had been convicted of only one felony, we neither reaffirmed nor overruled the holding of *Hicks* that the number of such convictions could be shown. We now reaffirm *Hicks* in this respect.

It is true, as we acknowledged in *Harmon,* that an accused is prejudiced by the disclosure that he has been convicted of a

felony. But the General Assembly, by enacting § 4779 of the 1919 Code, made the crucial policy decision, which has never been changed, that the prejudicial effect of establishing the fact of conviction is outweighed by the probative value of such evidence in determining credibility. The prejudicial effect of showing that an accused has been convicted of multiple felonies may be greater than that resulting from the disclosure of a single felony conviction. Nevertheless, if evidence of one felony conviction is important to a determination of credibility, evidence of more than one felony conviction is even more important. Indeed, to restrict the Commonwealth to evidence that would lead the triers of fact to believe that an accused who testifies in his own defense has been convicted of a single felony, when in fact he has been convicted of multiple felonies, would be to permit a misrepresentation of the status of the witness.

Courts in other jurisdictions have construed statutes similar to Code § 19.2-269 to permit a defendant testifying in a criminal trial to be asked the number of his felony convictions. *See State* v. *Hall,* 233 Iowa 1268, 11 N.W 2d 481 (1943); *State* v. *Midell,* 39 Wis. 2d 733, 159 N.W.2d 614 (1968).

We have held that the number and nature, but not the details, of the felony convictions of a witness other than the accused may be shown to the triers of fact. *Hummel* v. *Commonwealth,* 217 Va. 548, 550, 231 S.E.2d 216, 217 (1977). In that case, however, where the witness was testifying for the Commonwealth, there was no risk of undue prejudice against the accused from the admission of evidence as to the nature as well as the number of felonies of which the witness had been convicted.

We hold that the Commonwealth may ask a defendant who testifies in a criminal proceeding the number of times he has been convicted of a felony, but, consistent with our ruling in *Harmon,* not the names of the felonies, other than perjury, and not the nature or details thereof. Thus, a defendant in a criminal trial who has been convicted of one or more felonies is not subject to as comprehensive cross-examination as non-defendant witnesses, notwithstanding the provisions of Code § 19.2-268.

For the reasons stated, we will affirm the judgment of the trial court.

*Affirmed.*