Norfolk

ALFRED LORENZO JOYNER

v.

COMMONWEALTH OF VIRGINIA

No. 0081-89-1

Decided May 8, 1990

Counsel

Randall D. Smith (Bouchard & Smith, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**KOONTZ, C.J.**—In a trial by jury, Alfred Lorenzo Joyner was convicted of attempting to procure and possess marijuana while an inmate in a state correctional facility in violation of Code § 53.1-203(6). In accordance with the jury verdict, he was sentenced to one year in the penitentiary. *See* Code § 18.2-26. On appeal, Joyner raises the following issues: (1) whether the trial court erred in permitting the attorney for the Commonwealth on cross-examination of Joyner to state the number and names of his prior felony convictions and introduce copies of conviction orders for those felonies after Joyner asserted that he did not know the number of his felony convictions, and (2) whether the evidence was sufficient to support his conviction. For the reasons that follow, we find that the trial court committed reversible error in permitting the Commonwealth to state the names of Joyner's prior felony convictions. Accordingly, we do not reach the issue of the sufficiency of the evidence.

We summarize the facts surrounding the charge against Joyner to explain the procedural context in which the issue of Joyner's prior felony convictions arose. While Joyner was an inmate at St. Brides Correctional Center, a package containing an electric fan

and addressed to him arrived at that institution. A correctional officer examined the fan and found a bag containing marijuana concealed under a plate at the base of the fan. This bag was removed and replaced with a bag containing pipe tobacco. Before placing the bag containing the pipe tobacco in the fan, an officer sprayed it with "clue spray." When dry, the residue of this spray is invisible to the naked eye. However, when placed under ultraviolet light, the residue reflects a green color. The fan was delivered to Joyner. A subsequent examination of Joyner's hands under ultraviolet lighting disclosed the presence of a greenish substance on the palms of both of his hands and on the inner portion of both of his thumbs.

At trial, the Commonwealth called Edward Carroll, Chief of Security at St. Brides Correctional Center, as a witness. Carroll testified that St. Brides is a state correctional facility in which adult felony offenders are incarcerated. He further testified that Joyner was an inmate at that facility. The Commonwealth then introduced a certified copy of Joyner's penitentiary record to establish his "prisoner number." In addition, the Commonwealth introduced "certified copies of the convictions for which [Joyner] is incarcerated which remanded him to the [sic] custody." Joyner's counsel responded: "No objection for that purpose." These copies reflected convictions for three felonies: robbery, use of a firearm while committing robbery and use of a firearm while committing abduction.

At the conclusion of the Commonwealth's evidence, Joyner testified in his own behalf. Essentially, he denied any knowledge of the marijuana and asserted that he must have gotten the residue of the clue spray on his hands when he touched the base of the fan. In response to a question from his attorney that "you've been convicted of a felony, have you not?" Joyner replied, "yes." Immediately thereafter, upon cross-examination, the following dialogue occurred:

By Ms. Everhart (Assistant Commonwealth Attorney):

Q.  Mr. Joyner, you have not been convicted of only one felony. You've been convicted of six felonies, isn't that true?

A.  Six felonies?

Q. Yes, Mr. Joyner.

A. I didn't know it was six felonies.

Q. You don't know how many felonies you were convicted of, Mr. Joyner?

A. No.

Q. Previously introduced have been certified copies of convictions from Chesapeake which shows you to have —

Mr. Whitehurst: Judge, I object to that. It speaks for itself.

Ms. Everhart: He has not admitted to how many felonies.

Mr. Whitehurst: He said he didn't know.

The Court: I thought he had been convicted of three.

Mr. Whitehurst: Pardon?

The Court: I thought he had been convicted of three.

Mr. Whitehurst: I thought she said that he had been convicted of six. He said he didn't know how many it was. I thought that is what he said.

Ms. Everhart: Your Honor, I think that I'm entitled to show how many felonies he had been convicted of if he claims he does not know or if he gives the wrong number.

The Court: I think that's right. I overrule the objection.

Go ahead.

Ms. Everhart: Okay.

By Ms. Everhart:

Q. Previously introduced, Mr. Joyner, were certified copies of conviction orders from the City of Chesapeake showing you to have been convicted of one count of robbery and two counts of use of a firearm in the commission of a felony. I have certified copies of three other felonies. You were involved in two counts of abduction and one attempted robbery. You were convicted of those as well, were you not?

A. Yes, I was.

Q. So you have been convicted of six felonies?

A. If that is what the papers say.

Ms. Everhart: Your Honor, I offer these three conviction orders as Commonwealth's Exhibit.

(Received and marked in evidence by the Court.)

■ Initially, we reject the Commonwealth's assertion under Rule 5A:18 that we should not address the merits of Joyner's claim on appeal because there was no contemporaneous objection with specificity at trial to the introduction of the names of Joyner's prior felony convictions. "The primary purpose of the contemporaneous objection rule is to advise the trial judge of the action complained of so that the court can consider the issue intelligently and, if necessary, take corrective action to avoid unnecessary appeals, reversals and mistrials." *Head v. Commonwealth*, 3 Va. App. 163, 167, 348 S.E.2d 423, 426 (1986). The record establishes that the trial judge was aware that Joyner's objection, while not artfully stated, was directed to the limitation of the Commonwealth to the introduction of the number of his prior felony convictions and the exclusion of the names of those convictions. Moreover, the Commonwealth's introduction of the names of Joyner's prior felony convictions was not consistent with the judge's ruling that it could introduce the number of these convictions. Accordingly, we address the merits of Joyner's claim.

The resolution of the issue presented by this appeal rests within the provisions of Code § 19.2-269 and our Supreme Court's consistent interpretations of that Code section. Joyner and the Commonwealth disagree only on the applicability of the facts of this case to those interpretations.

■ Code § 19.2-269 provides: "A person convicted of a felony or perjury shall not be incompetent to testify, but the fact of conviction may be shown in evidence to affect his credit." In *Harmon v. Commonwealth*, 212 Va. 442, 185 S.E.2d 48 (1971), the Court stated: "[Code § 19.2-269] permits the examination of a defendant as to any prior felony convictions, should he become a witness in his own behalf. The sole purpose of such inquiry is to attack the defendant's credibility as a witness." *Id.* at 446, 185 S.E.2d at 51. The Court further stated that "so long as the defendant answers

truthfully the inquiry as to a prior felony conviction, the name of the crime cannot be shown." *Id.*

In *Harmon*, the accused testified that he had been "convicted once of a killing." The trial court permitted the Commonwealth to bring out on cross-examination that the killing was first degree murder. On appeal, the Court held that the accused had "opened the door" to this inquiry on cross-examination and had assumed the risk that the Commonwealth would bring out the degree of the homicide. The conviction was reversed on other grounds, but the Court took this opportunity to establish the general rule limiting the Commonwealth's inquiry to the number of the prior felony convictions and not the names.

Following *Harmon*, the Court in *Santmier v. Commonwealth*, 217 Va. 318, 228 S.E.2d 681 (1976), held when an accused falsely testified on direct examination that he did not use drugs, that testimony was calculated to mislead the jury into believing that he knew nothing about marijuana and that he had not had any dealing in drugs. Because this testimony was not truthful, the Court held that the accused had opened the door to cross-examination by the Commonwealth for the purpose of attacking his credibility and to ask the accused whether he had previously been convicted of an offense "dealing in marijuana." In *Santmier* there was no dispute that the accused had falsely testified on direct examination. Thus, the Court explained: "It is one thing for an accused to rely on our holding in *Harmon* to prevent disclosure of the nature of his felony conviction, and quite another thing to use the case as a shield to prevent disclosure of his own untruths." *Id.* at 320, 228 S.E.2d at 682.

Subsequently, in *Sadoski v. Commonwealth*, 219 Va. 1069, 254 S.E.2d 100 (1979), a case upon which Joyner primarily relies in this appeal, the Court held that the "Commonwealth may ask a defendant who testifies in a criminal proceeding the number of times he has been convicted of a felony, but ... not the names of the felonies, other than perjury, and not the nature and details thereof." *Id.* at 1071, 254 S.E.2d at 101. In *Sadoski*, the accused testified that he had previously been convicted of *a felony*. On cross-examination, over his objection, he was asked how many times he had been convicted of felonies. His answer was nine times. The Court held that this question was proper, thereby removing any doubt that *Harmon* was not limited to cases involving

only one prior felony conviction.

More significantly, the Court in *Sadoski* acknowledged that an accused is prejudiced by the disclosure that he has been convicted of a felony. The Court pointed out, however, that the General Assembly had "made the crucial policy decision [by enacting Code § 19.2-269] . . . that the prejudicial effect of establishing the fact of conviction is outweighed by the probative value of such evidence in determining credibility." *Id.* The Court concluded that it was not error to bring out the number of the prior felony convictions because "if evidence of one felony conviction is important to a determination of credibility, evidence of more than one felony conviction is even more important." *Id.*

Finally, in *McAmis v. Commonwealth*, 225 Va. 419, 304 S.E.2d 2 (1983), the Court reaffirmed *Sadoski* and stated the rule as follows:

> [W]here a defendant takes the witness stand in his own defense and testifies on direct examination that he has been convicted previously of a certain number of felonies, he may be cross-examined only with respect to the correctness of the number stated and, if his answers are truthful, not with regard to the names or the nature of the offenses. Of course, if a prior conviction is for perjury, that offense may always be named. And, if a defendant on direct examination goes beyond merely testifying he has been convicted previously of a certain number of felonies and discloses additional information concerning his convictions, he may be held to have opened the door to inquiry concerning the names of the offenses.

*Id.* at 422, 304 S.E.2d at 4.

In *McAmis*, the accused testified on direct examination that he had six prior felony convictions. The Commonwealth then sought to bring out the names of those convictions. The Commonwealth asserted that the accused had opened the door to questions concerning the names of his prior felony convictions. The Commonwealth asserted the door had been opened because by testifying about the number of his prior convictions the accused sought either to lessen the impact of these facts on the jury or to bolster his credibility by revealing these facts himself. The Court rejected

this assertion as a basis for permitting the Commonwealth to bring out the names of the prior convictions. Significantly, in *McAmis* there was no assertion or basis for an assertion by the Commonwealth that the accused had testified untruthfully, or in a manner calculated to mislead the jury, concerning the number of his prior felony convictions.

We turn now to the application of these cases to the facts of the present appeal. As previously noted, relying primarily on *Sadoski*, Joyner asserts that he truthfully answered "yes" to his attorney's question, "you've been convicted of a felony, have you not?" He further asserts that he did not deny on cross-examination that he had six prior felony convictions; instead, he stated simply that he did not remember the number of his prior convictions. Consequently, he asserts the Commonwealth had the right to establish only the number and not the names of those convictions, and that by exceeding that limitation, the Commonwealth's evidence of the names of his prior convictions prejudiced him in the jury's determination of his guilt for the present charge against him.

In response, the Commonwealth makes a multi-pronged argument. First, the Commonwealth asserts that when Joyner responded, "yes," when asked by his attorney if he had previously been convicted of "*a* felony" (emphasis added by the Commonwealth), this testimony without further elaboration could have misled the jury into thinking that Joyner had only one prior felony conviction. We disagree. Even assuming merit to the Commonwealth's assertion, the accused is not required to reveal the number of his prior felony convictions. He is only required to testify truthfully. The "elaboration," if required or desired, can be provided by the Commonwealth's right upon cross-examination to establish the number of the accused's prior felony convictions. In the present case, it is mere speculation that there was an intent to mislead the jury into believing that Joyner had only one prior felony conviction. That speculation fades dramatically in face of the well established rule permitting the Commonwealth to establish the number of the accused's prior felony convictions on cross-examination.

Next, the Commonwealth argues that Joyner "feigned ignorance" of the number of his prior felony convictions. In addition, the Commonwealth argues that Joyner's claim on cross-examination that he did not remember or did not know how many prior

felony convictions he had was, in effect, an untruthful answer. Accordingly, and presumably based on the Supreme Court's emphasis in *Harmon*, *Sadoski* and *McAmis* that the accused must answer truthfully, the Commonwealth argues that it had a right to clarify the number of Joyner's prior felony convictions.

We can discern no basis in the record to conclude that Joyner "feigned ignorance" of the number of his prior felony convictions. Similarly, the record does not support the giant leap required by the Commonwealth's argument that because Joyner asserted that he did not remember or did not know the number of his prior felony convictions that his answers were, in effect, untruthful. Joyner's testimony is clearly distinguishable from the patently untruthful testimony of the accused in *Santmier* and the misleading inferences drawn from the accused's testimony in *Harmon*. Because the record in this case does not support the Commonwealth's argument that Joyner's testimony that he did not know or remember the number of his prior felony convictions was, in effect, untruthful, we reject the Commonwealth's argument that this testimony was in fact or in effect untruthful.

We agree, however, that under the circumstances of this case the Commonwealth had the right to establish on cross-examination the number of Joyner's prior felony convictions. However, the manner in which the Commonwealth sought to accomplish its purpose was not only improper, but unnecessary. The Commonwealth had certified copies of Joyner's prior felony convictions. There was no dispute over the accuracy of these documents. Under well established rules of practice, the Commonwealth could have established the number of Joyner's prior felony convictions by simply exhibiting these documents to Joyner and permitting him to review them and then asking him the number reflected by these documents. This procedure would have resolved any lack of memory or knowledge by Joyner concerning his prior felony convictions and would have avoided revealing the names and nature of those convictions to the jury. Moreover, this manner of cross-examination would have been consistent with the limitations of *McAmis*.

Finally, we reject the Commonwealth's assertion that because Joyner failed to object to the introduction of his three prior felony convictions during the testimony of Officer Carroll at the beginning of the Commonwealth's case that he also waived the effect of the erroneously admitted evidence of other felony convictions dur-

ing his cross-examination. The former evidence was offered to prove that Joyner was presently an inmate in a state correctional institution. This evidence was necessary to prove the offense charged against Joyner under Code § 53.1-203(6). Joyner only assented to the introduction of this evidence "for that purpose." We express no opinion on the propriety of the introduction of such evidence for the stated purpose. Rather, assuming a waiver to the admission of the evidence of Joyner's prior convictions, that waiver does not extend to cross-examination revealing the names of his additional prior felony convictions. On this point *Sadoski* is clear. If evidence of one felony conviction is important to a determination of credibility and evidence of more than one felony conviction is even more important, then it follows that prejudicial error created by revealing the names of six prior felony convictions is more prejudicial than revealing the names of only three prior felony convictions. Accordingly, we reject the Commonwealth's argument of a waiver which would, in our view, compound the prejudice to the accused.

In summary, we believe our Supreme Court has clearly and consistently limited the scope of Code § 19.2-269. The Court has acknowledged that when an accused testifies on his own behalf he may determine that it is in his best interests as a trial tactic to reveal the fact of his prior felony convictions in terms of bolstering his credibility with the trier of fact. If this is done truthfully and not in a manner calculated to mislead, it does not open the door for the Commonwealth on cross-examination to establish the names and nature of the prior felony convictions. The rule expressed in *McAmis* is clear and unequivocal. In the present case, the trial court committed reversible error in permitting the Commonwealth to introduce evidence of the names rather than only the number of Joyner's prior felony convictions. Accordingly, Joyner's conviction is reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Baker, J., and Barrow, J., concurred.