**Richmond**

JAMES CLIFFORD POWELL

v.

COMMONWEALTH OF VIRGINIA

No. 0757-89-2

Decided September 3, 1991

18

COUNSEL

Owaiian M. Jones, for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—In this criminal appeal, we reverse the convictions of James Clifford Powell for possession of cocaine with the intent to distribute in violation of Code § 18.2-248, and possession of drug paraphernalia in violation of Code § 54-524.109.1. We hold that the trial court erred by permitting the Commonwealth to impeach Powell by establishing on cross-examination that he had been previously convicted of three unrelated felonies involving drugs. Accordingly, we remand the case to the circuit court.

On August 26, 1988, an officer of the Westmoreland County Sheriff's Department received a tip from an informant that Powell was selling cocaine from his residence. The officer immediately obtained a search warrant for the premises, which were leased to Linda Baldacci. Several officers seized cocaine, a scale, plastic "baggies," razor blades and other paraphernalia, and arrested Powell and Baldacci. At trial, Baldacci testified that Powell was living with her at the time of the arrests and that, although she was a user of cocaine, the cocaine and items seized belonged to Powell, who sold cocaine. Powell testified on his own behalf. He denied possession of the cocaine and of the paraphernalia. He also denied that he lived at Baldacci's residence or that he was ever involved with her. He denied familiarity with cocaine and drug paraphernalia. He testified that the cocaine and paraphernalia belonged to Baldacci. He explained that his fingerprint in the cocaine residue on the scale was probably imprinted there when he touched the scale in passing, since Baldacci often left it out. When asked on direct examination if he had ever been convicted of a felony, he answered, "One time." On cross-examination, the following exchange occurred between Powell and the prosecutor:

Q. You weren't exactly accurate about your felony convictions in court today, were you, sir?
A. What do you mean, I wasn't accurate?
Q. Do you remember all of your felony convictions, or do you have some trouble with your memory?
A. No, I don't have any trouble with my memory.
Q. There's nothing wrong with your memory?
A. No, sir.
Q. In fact, you've been convicted of at least three felonies, have you not?
A. No, sir, I have not.
Q. You have not. You were convicted on January 26, 1983, in the Circuit Court of Fairfax County, were you not, for possession?

Defense counsel objected on the grounds that the Commonwealth was not allowed to inquire about the names and nature of the felony convictions but could only elicit the number. The court overruled the objection, stating that the Commonwealth's attorney was allowed to impeach Powell since "[h]e said he was convicted one time. I think the Commonwealth's attorney has a right to ask

specific questions." The cross-examination continued:

Q. Isn't it true that you were convicted of two drug felonies in the Circuit Court of Fairfax County in 1983?
A. All I know of is one, sir.
Q. That's in Fairfax?
A. Yes, sir.
Q. And you were also convicted in the Circuit Court of Westmoreland County in November of 1983 for a similar drug offense, were you not?
A. That was all to do with the same thing, sir.
Q. Different counties, is that correct?
A. That's why I said one, yes, sir.
Q. So you've been convicted of three felonies?
A. Well, I call it one, sir, because it was all the same thing. It was all a long time ago.
Q. So all the same offense, but three separate offenses back then, is that right?
A. I guess so, sir.
Q. So you didn't tell us the truth about that then, is that right?
A. I didn't mean to be lying to you about it. Like I said, to me it was all the same thing.
Q. And did you get out of the drug distribution business in '83 then?
A. I don't think that I was found guilty of distribution at that time. It was possession.

The court overruled Powell's motion to declare a mistrial because of this questioning. The jury convicted Powell and recommended a seven year penitentiary sentence and $7,000 fine for possession with the intent to distribute, and a twelve month sentence and $1,000 fine for possession of drug paraphernalia.

■ Code § 19.2-268 permits an accused to testify in his own behalf in any criminal proceeding, "subject to cross-examination as any other witness. . . ." Code § 19.2-269 provides that "a person convicted of a felony or perjury shall not be incompetent to testify, but the fact of conviction may be shown in evidence to affect his credit." When the Commonwealth attempts to impeach the credibility of the accused by showing prior felony convictions, in order to avoid undue prejudice to the accused, neither the na-

ture of the felony, other than perjury, nor the details of the crime are admissible; only the fact of a conviction can be shown. *Harmon v. Commonwealth*, 212 Va. 442, 446, 185 S.E.2d 48, 51 (1971). In *Harmon*, the Supreme Court expressly overruled its holding in *Hicks v. Commonwealth*, 157 Va. 939, 161 S.E. 919 (1932), which had allowed the Commonwealth to identify the felony for which a defendant had been previously convicted. *Harmon*, 212 Va. at 446, 185 S.E.2d at 51.

In *Santmier v. Commonwealth*, 217 Va. 318, 319, 228 S.E.2d 681, 682 (1976), the Supreme Court extended the holding in *Harmon* to provide that, when an accused testifies falsely on direct examination that he does not use drugs, he opens the door for the Commonwealth "for the purpose of attacking his credibility on cross-examination" by asking whether he had been previously convicted of an offense "dealing in marijuana." *Id.* at 319-20, 228 S.E.2d at 682.

In *Sadoski v. Commonwealth*, 219 Va. 1069, 254 S.E.2d 100 (1979), the Court partially reaffirmed *Hicks* and extended *Harmon* by holding that the prosecution could impeach the defendant by showing not only the fact of a felony conviction but the number of previous felony convictions. *Id.* at 1070, 254 S.E.2d at 101. The Court reasoned that the number of the defendant's prior felony convictions was relevant because, "if evidence of one felony conviction is important to a determination of credibility, evidence of more than one felony conviction is even more important." *Id.* at 1071, 254 S.E.2d at 101.

More recently, in *McAmis v. Commonwealth*, 225 Va. 419, 304 S.E.2d 2 (1983), the defendant was tried for grand larceny. Upon direct examination, he testified that he had been convicted previously of six felonies. The trial court allowed the Commonwealth's attorney to cross-examine the defendant about the names of the felonies on the theory that he had opened the door to cross-examination about the nature of the convictions. The Supreme Court disagreed, holding that,

where a defendant takes the witness stand in his own defense and testifies on direct examination that he has been convicted previously of a certain number of felonies, he may be cross-examined only with respect to the correctness of the number stated and, *if his answers are truthful, not with regard to*

*the names or the nature of the offenses.*

*Id.* at 422, 304 S.E.2d at 4 (emphasis added). The Court explained the limits of its ruling:

> Here, no claim is made that McAmis answered untruthfully any questions concerning the number of his felony convictions. Hence, because McAmis did not go beyond stating on direct examination that he had been convicted previously of six felonies other than perjury, it was error for the trial court to require him to divulge the names of the felonies.

*Id.* Implicit in the *McAmis* decision is the Court's recognition of an established method of impeaching a witness's credibility other than by showing that the witness has been previously convicted of a felony; a witness may be impeached by showing that he has knowingly testified untruthfully about a material fact. Thus, when a defendant testifies untruthfully regarding a material fact, such as the number of his felony convictions, he opens the door to cross-examination for the purpose of attacking his credibility by showing that he has purposely misrepresented the truth. *See Santmier*, 217 Va. at 319, 228 S.E.2d at 682.

The *McAmis* decision, and line of cases preceding it, leave unanswered, however, the issue we must decide, which is the extent to which the Commonwealth may impeach a defendant, who has testified untruthfully about the number of prior felony convictions, by inquiring about the nature and names of the prior offenses.

In *Joyner v. Commonwealth*, 10 Va. App. 290, 392 S.E.2d 822 (1990), we held that where the Commonwealth attempts to impeach the accused under Code § 19.2-269 by establishing the number of prior convictions, the Commonwealth's right to cross-examine him about the name and nature of the prior convictions is not unlimited. Although the *Joyner* case involved impeachment based solely upon proving the fact and number of prior felonies, the limitations which the *Joyner* decision placed upon the Commonwealth's cross-examination, and the rationale for doing so, which is to avoid and minimize the prejudice occasioned by disclosing the nature of the offense, guide us in our holding. Joyner had truthfully answered on direct examination that he had been convicted of a felony. When asked on cross-examination if he had been convicted of six felonies, Joyner testified that he could not

remember. *Id.* at 293, 392 S.E.2d at 823. The trial court permitted the Commonwealth's attorney to ask Joyner about the names and nature of his prior felony convictions. We held that, while the Commonwealth was allowed to impeach the accused by cross-examining him about the number of his prior felony convictions, the trial court erred by allowing the Commonwealth's attorney to inquire into the names and nature of the previous felony convictions. *Id.* at 299, 392 S.E.2d at 826-27. However, in so holding, we expressly rejected the Commonwealth's contention that Joyner answered untruthfully by feigning ignorance of the number of his prior felony convictions. "Joyner's testimony is clearly distinguishable from the patently untruthful testimony of the accused in *Santmier* and the misleading inferences drawn from the accused's testimony in *Harmon.*" *Id.* at 298, 392 S.E.2d at 826. Thus, *Joyner* reiterates the principle established by our Supreme Court in the *Hicks, Harmon* and *Sadoski* cases that when an accused does not testify untruthfully about the fact or number of prior felony convictions, the Commonwealth is allowed to impeach him only by establishing that he has been previously convicted of a certain number of felonies; it is the fact of felony convictions which may be considered as affecting the credit given the testimony of an accused under Code § 19.2-269.

From this line of cases, two distinct methods for impeaching the credibility of a defendant who testifies are identified and distinguished. First, a defendant/witness may be impeached by showing that he has been previously convicted of a felony. Code § 19.2-269. That basic rule of impeachment was extended to permit proof of the number of prior felony convictions, because if one conviction was relevant for impeachment purposes, proof of multiple convictions was more relevant. *Sadoski*, 219 Va. at 1071, 254 S.E.2d at 101. The second method of impeachment is identified in the *Santmier* line of cases, and discussed in the *McAmis* decision. If a defendant/witness testifies untruthfully about a material fact, the opposing party may impeach the defendant/witness's credibility by showing that he knowingly testified untruthfully. In the former situation, regardless of whether a defendant has testified about his prior felony convictions, the Commonwealth may impeach his credibility under Code § 19.2-269 by proving "the fact of conviction" and number of prior felonies. However, where the defendant/witness testifies untruthfully about "the fact of conviction" or the number of prior felony offenses, the Com-

monwealth may show that the witness has knowingly testified untruthfully about a material fact. Thus, two separate methods of impeachment are in question in Powell's case: the fact and number of his prior felony convictions and proof that he knowingly testified untruthfully.

We hold that where, as with Powell, a defendant/witness testifies untruthfully on direct examination about the number of prior felony convictions, he opens the door to cross-examination which is reasonably designed to elicit relevant evidence to show whether the defendant/witness knowingly testified falsely. The Commonwealth may not, however, resort to cross-examination which unnecessarily presents prejudicial information about the name or nature of prior convictions with little or no probative value.

Unlike Joyner, Powell testified on direct examination that he had been previously convicted of only one felony when, apparently, he had three prior felony convictions. Powell's testimony was untruthful. The Commonwealth could impeach Powell by showing, pursuant to Code § 19.2-269, that he had three felony convictions. Additionally, whether Powell knowingly testified untruthfully about his felony convictions was a separate basis for impeaching him, and that issue became a factual question which the jury had to decide. In order for the jury to decide whether Powell knowingly testified untruthfully, or whether he did so due to ignorance or confusion, the Commonwealth was entitled to show the facts and circumstances which had a bearing upon Powell's knowledge of his prior convictions. Any evidence which tended to establish that Powell purposely misrepresented the truth would have been relevant. However, all relevant evidence is not necessarily admissible; where the prejudicial effect of relevant evidence so outweighs its probative value that it may unduly influence the outcome of the case, it must be excluded.

In order for a trial judge to balance relevance against prejudice, the judge must first ascertain that the inquiry will lead to evidence which will, in fact, be relevant. The Commonwealth may not undertake cross-examination which discloses that an accused has been convicted of a particular felony where the witness's response will not provide the fact finder with pertinent or helpful evidence, or where, even if the response will be relevant in showing that the accused knew of the prior convictions, that fact could have been

established without the prejudice caused by divulging the name and nature of the prior convictions. To permit a question containing prejudicial information, such as the name or nature of a felony conviction, where the answer to the question will have minimal or no probative value to determine that a defendant/witness has testified untruthfully, destroys any opportunity which the trial court has of balancing the effect upon a jury until after the harm and prejudice have occurred.

By disclosing the name and nature of the prior felonies, the risk of prejudice is greatly increased beyond the situation where the Commonwealth proves only the fact and number of prior convictions. The jury is more inclined not to limit consideration of such evidence to impeaching the accused's evidence, but also as tending to show that he is probably guilty of this offense, or is a person of bad character.

> We are not unaware that some prejudice rises against a defendant when it is disclosed that he has been convicted of a felony, but its probative value as to his credit outweighs the prejudicial effect. Should the jury be permitted to know the name of the felony and the details thereof, it may mean more to them than the mere fact that the defendant is a person of doubtful veracity. The danger of such prejudice is increased if the Commonwealth is permitted to show the nature of the crime of which he has been previously convicted.

*Harmon*, 212 Va. at 446, 185 S.E.2d at 51. Where the names and nature of prior multiple felonies are disclosed, the risk of prejudice is likewise greater. *Joyner*, 10 Va. App. at 299, 392 S.E.2d at 826. The prejudice is even greater where, as here, the prior offenses are similar in nature to the charged offense.

The Commonwealth's attorney sought to impeach Powell by having him acknowledge that his answer that he had one felony conviction was knowingly untruthful. Where that can be accomplished without disclosing prejudicial evidence, the Commonwealth must follow that avenue. The Commonwealth may not use what appears to be a knowingly false answer as license to engage in cross-examination in order to purposely disclose prejudicial evidence. Here, the Commonwealth's attorney did just that. He seized upon the untruthful answer about the number of prior convictions to disclose to the jury that Powell had previously been

convicted of three drug related felonies without first confronting Powell with records of his convictions and affording him a reasonable opportunity to explain his untruthful answer.

Without disclosing what the offenses were, the Commonwealth could have pursued at least three avenues to ascertain whether Powell had intentionally misrepresented the number of his felony convictions. The Commonwealth's attorney could, and did, first inquire of Powell whether he had been convicted on separate occasions in different circuit courts. Clearly, that inquiry, which was not prejudicial, was relevant for the fact finder to consider in deciding whether Powell knew how many times he had been convicted of a felony and whether he was intentionally untruthful when he testified that he had one prior felony conviction. In fact, that colloquy was sufficient, and it showed that Powell knew he had been convicted of felonies on two different occasions in different courts, and on one occasion of two charges. Powell explained that he testified as he did because all three offenses arose out of one occurrence. Whether his answer was intended to be untruthful and to mislead, the jury had the facts necessary to resolve that question. The fact that the prior convictions were for drug related offenses added nothing to help the jury understand whether Powell purposely misrepresented the number. Other means tending to show whether Powell knew how many felony convictions he had include the approach suggested in *Joyner*, which is to present him with the record of his convictions or copies of the conviction orders and have him acknowledge the number. Without disclosing the name or nature of the convictions, the fact he acknowledges and was aware of the convictions would be relevant to prove that he testified untruthfully. Additionally, the Commonwealth could prove independently the number of convictions, thereby establishing that the facts are other than what he testified. Avenues by which the Commonwealth may establish that Powell purposely misrepresented the number of convictions must be pursued before the Commonwealth can inquire about the name and nature of the prior offenses, and even then, the Commonwealth must show that proof of the name and nature of the convictions is relevant and outweighs the prejudice caused by such disclosure.

Thus, in Powell's case, we must decide whether when he answered untruthfully, disclosing the name and nature of his prior convictions tended to prove that he purposely misrepresented the

truth. We hold that the trial court erred because the record does not show that disclosing that the prior offenses were drug related has any relevance or tendency to prove that Powell purposely misrepresented the number of his prior felony convictions. In fact, when the Commonwealth proved that Powell had been convicted in different courts on different occasions of more than one offense, those facts provided the fact finder with the probative evidence that he knew the number of offenses, whereas showing that the offenses were drug related or having him acknowledge that they were drug related had little or no additional value. While the Commonwealth was entitled to take issue with his answer and whether it was an intentional misrepresentation, the fact that the convictions were for drug offenses adds nothing. The necessity of presenting evidence that the prior offenses were drug related has not been shown. Any minimal probative value that may come from showing that Powell knew the offenses were drug related was outweighed by the prejudice in showing he had been convicted of three offenses similar to that for which he was being tried.

The trial court gave a cautionary instruction which told the jury that the evidence of other offenses could only be considered for impeachment of the defendant and could not be considered as evidence of guilt or in assessing punishment. *See Barber v. Commonwealth*, 5 Va. App. 172, 181, 360 S.E.2d 888, 893 (1987). "Unless the record shows to the contrary, it is presumed that the jury followed an explicit cautionary instruction." *Albert v. Commonwealth*, 2 Va. App. 734, 741, 347 S.E.2d 534, 538 (1986). The prejudicial effect cannot be disregarded. The prosecutor's real purpose in asking the questions in a manner to disclose that Powell's prior convictions were for drug related offenses and thereby to portray him as a drug dealer, becomes apparent from his last question to Powell: "And did you get out of the drug distribution business at that time?" The risk of prejudice was so great because the evidence portrayed the defendant as a drug dealer that the jury could not limit its consideration of the evidence to impeachment when it has little, or no, probative value for that purpose. Thus, irrespective of the cautionary instruction, the

admission of the evidence was reversible error.

*Reversed and remanded.*

Barrow, J., and Cole, J.,* concurred.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.