COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia

STEVEN LYNN KIRBY

v.          Record No. 2467-93-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                      JUNE 13, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    John D. Gray, Judge

          (James S. Ellenson, on brief), for appellant.
           Appellant submitting on brief.

          (James S. Gilmore, III, Attorney General;
          Robert Q. Harris, Assistant Attorney General,
          on brief), for appellee. Appellee submitting
          on brief.


          Steven Lynn Kirby (defendant) was convicted by a jury of

conspiring to possess, with intent to distribute, marijuana in

excess of five pounds, a violation of Code §§ 18.2-256 and

18.2-248. Defendant complains on appeal that the trial court

erroneously (1) overruled his pretrial motion "to suppress the

evidence on the grounds of entrapment," (2) precluded

introduction of evidence related to entrapment at trial, and (3)

declined to instruct the jury on the defense. We disagree and

affirm the conviction.

          The parties are fully conversant with the record in this

case, and we recite only those facts necessary to explain our

holding.

          In reviewing a trial court's ruling on a suppression motion,

we consider the evidence in the "light most favorable to . . .

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the prevailing party below," the Commonwealth in this instance, and the decision will be disturbed only if plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "It is well established that, on appeal, appellant carries the burden to show . . . that the denial of a motion to suppress constitutes reversible error." Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993) (citing Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980)).

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988) (citing Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986)). "An appellant must demonstrate that the excluded evidence is relevant and material and that the party was entitled to have it introduced in order to establish on appeal that the trial court erred by excluding it." Toro v. City of Norfolk, 14 Va. App. 244, 254, 416 S.E.2d 29, 35 (1992) (citation omitted).

"The principles governing our review of a trial court's decision refusing a jury instruction are well-settled." Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 564 (1993). If credible evidence in the record supports the defendant's theory of defense, the trial judge may not refuse to grant a proper, proffered instruction. Delacruz v. Commonwealth,

11 Va. App. 335, 338, 398 S.E.2d 103, 105 (1990). "'Such an instruction, however, must be supported by more than a mere scintilla of evidence.'" Brandau, 16 Va. App. at 411, 430 S.E.2d at 564 (quoting Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992)).

Immediately prior to trial, the trial judge reminded counsel that evidence and argument relative to the entrapment issue had been considered at the earlier suppression hearing, and defendant was precluded from again pursuing the defense during trial. The record of this hearing reflects that defendant's brother, James Michael Kirby (James) became acquainted with Carey McCormick, a police informant, while participating in an inpatient drug treatment program. Over a period of several days, McCormick repeatedly inquired of James' interest in purchasing marijuana following his release. James initially declined McCormick's overtures, but eventually agreed, in order "[t]o make some money." McCormick subsequently arranged a meeting between James, Hampton Police Officer Charles Butler, then posing as a narcotics distributor, and himself. James advised Butler that he "couldn't buy the twenty pounds of marijuana, . . . could only come up with money for ten pounds, but he wanted the ten pounds." After confirming the price, quality, weight, and origin of the marijuana, James "excused himself" to contact the "other person" involved in the purchase and obtain the necessary funds to conclude the transaction. Later that evening, defendant accompanied James to a second meeting with Butler, exhibited the

purchase money to Butler and, together with James, agreed to purchase the marijuana. Defendant also advised Butler that "after he got rid of the six pounds, he would have enough cash for the balance of four pounds."

"'Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer.'" McCoy v. Commonwealth, 9 Va. App. 227, 231, 385 S.E.2d 628, 630 (1989) (quoting Stamper v. Commonwealth, 228 Va. 707, 715, 324 S.E.2d 682, 687 (1985)). "If the criminal design originated in the mind of the defendant and the police did no more than 'afford an opportunity for the commission of a crime' by a willing participant, then no entrapment occurred." McCoy, 9 Va. App. at 231, 385 S.E.2d at 630 (citation omitted). Police may "'use . . . decoys, undercover agents and informers . . . to present an opportunity to one willing to commit a crime.'" Id. at 232, 385 S.E.2d at 630 (citations omitted). "Reluctance to engage in crime is not transformed into entrapment whenever a person hesitantly, but willingly, acquiesces in the request of a close ally to commit a crime." Id. (citation omitted).

Here, the record provides ample support for the trial court's ruling on the suppression motion and subsequent limitation of defendant's evidence during trial. Butler merely "'present[ed] an opportunity to one willing to commit a crime.'" Id. (citations omitted). Nothing in the record suggests that

- 4 -

either defendant or James was coerced, tricked, or otherwise improperly drawn into criminal conduct by the police.  Under such circumstances, evidence relevant to entrapment and an instruction on the defense would have only confused the jury and diverted its attention from those matters properly in issue.  See Powell v. Commonwealth, 13 Va. App. 17, 24, 409 S.E.2d 622, 627 (1991). Accordingly, the trial court correctly excluded both the disputed evidence and attendant instruction, and the conviction is affirmed.

Affirmed.