COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia

JAMES MICHAEL KIRBY

v.          Record No. 1627-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                       JULY 25, 1995

              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          John D. Gray, Judge

          James S. Ellenson for appellant.

          Thomas D. Bagwell, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     James Michael Kirby (defendant) was convicted by a jury of

conspiring to possess marijuana with intent to distribute in

violation of Code §§ 18.2-256 and 18.2-248.1(a)(3).  Defendant

complains on appeal that the trial court erroneously (1) limited

introduction of evidence pertinent to an entrapment, and (2)

declined to instruct the jury on the defense.  We disagree and

affirm the conviction.

     The parties are fully conversant with the record, and we

recite only those facts necessary to explain our holding.  Under

familiar principles of appellate review, the evidence is viewed in

the light most favorable to the Commonwealth, granting to it all

reasonable inferences fairly deducible therefrom.  Traverso v.

Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

     While participating in an inpatient drug treatment program,

defendant became acquainted with Carey McCormick, a police

          [*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

informant.  Over a period of several days, McCormick repeatedly inquired of defendant's interest in purchasing "a large amount of marijuana" upon his release.  Although defendant initially declined McCormick's overtures, he eventually agreed to the proposal, "[t]o make some money."

Shortly after defendant's release, McCormick arranged a meeting between defendant, Hampton Police Officer Charles Butler, then posing as a narcotics distributor, and himself.  Defendant advised Butler that he "couldn't buy the twenty pounds of marijuana, . . . could only come up with money for ten pounds, but . . . wanted the ten pounds."  After confirming the price, quality, weight, and origin of the marijuana, the meeting was adjourned to afford defendant an opportunity to obtain the necessary funds. Later that same evening, defendant, Steven Lynn Kirby, defendant's brother, and Butler met at the same location.  The purchase price was again discussed, and defendant and Steven together agreed to purchase six pounds of marijuana from Butler.

At a pretrial suppression hearing, defendant argued that the contemplated drug transaction had resulted from police entrapment, which required suppression of all related evidence.  Substantial evidence relevant to the issue was developed at the hearing and argued by counsel, after which the trial court denied the motion. Immediately prior to trial, the court reminded counsel that evidence and argument relative to entrapment had been fully considered at the earlier hearing and precluded defendant from again pursuing the defense.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988) (citing Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986)). "An appellant must demonstrate that the excluded evidence is relevant and material and that the party was entitled to have it introduced in order to establish on appeal that the trial court erred by excluding it." Toro v. City of Norfolk, 14 Va. App. 244, 254, 416 S.E.2d 29, 35 (1992) (citation omitted).

"The principles governing our review of a trial court's decision refusing a jury instruction are well-settled." Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 564 (1993). If credible evidence in the record supports the defendant's theory of defense, the trial judge may not refuse to grant a proper, proffered instruction. Delacruz v. Commonwealth, 11 Va. App. 335, 338, 398 S.E.2d 103, 105 (1990). "'[A]n instruction, however, must be supported by more than a mere scintilla of evidence.'" Brandau, 16 Va. App. at 411, 430 S.E.2d at 564 (quoting Boone v. Commonwealth, 14 Va. App 130, 132, 415 S.E.2d 250, 251 (1992)).

"'Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer.'" McCoy v. Commonwealth, 9 Va. App. 227, 231, 385 S.E.2d 628, 630 (1989) (quoting Stamper v. Commonwealth, 228 Va. 707, 715, 324 S.E.2d 682, 687 (1985)). "If the criminal

design originated in the mind of the defendant and the police did no more than 'afford an opportunity for the commission of a crime' by a willing participant, then no entrapment occurred." McCoy, 9 Va. App. at 231, 385 S.E.2d at 630 (citation omitted). Police may "'use . . . decoys, undercover agents and informers to invite the exposure of willing criminals and to present an opportunity to one willing to commit a crime.'" Id. at 232, 385 S.E.2d at 630 (citations omitted). "Reluctance to engage in crime is not transformed into entrapment whenever a person hesitantly, but willingly, acquiesces in the request of a close ally to commit a crime." Id.

Here, the record provides ample support for the trial court's limitation of defendant's evidence. McCormick and Butler merely "'present[ed] an opportunity to one willing to commit a crime.'" Id. (citations omitted). Defendant's evidence at the suppression hearing did not establish that he was coerced, tricked, or improperly persuaded into criminal activity by the police, acting through McCormick or otherwise. Under such circumstances, evidence of an entrapment defense, accompanied by an attendant instruction, would have only confused the jury and diverted its attention from those matters properly in issue and supported by the record. See Powell v. Commonwealth, 13 Va. App. 17, 24, 409 S.E.2d 622, 627 (1991). Accordingly, the court correctly excluded the disputed evidence and instruction from the trial proceedings, and the conviction is affirmed.

Affirmed.