COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


KENNETH DAVID NEWTON
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 2009-99-3         JUDGE ROBERT P. FRANK
                                        AUGUST 15, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF LEE COUNTY
                 William C. Fugate, Judge

        Susan D. Oglebay for appellant.

        Stephen R. McCullough, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Kenneth David Newton (appellant) was convicted of two counts

of distribution of cocaine in violation of Code § 18.2-248(C).  On

appeal, he contends the trial court erred in permitting the

Commonwealth to enumerate his previous drug convictions during

cross-examination.  We agree, and, therefore, reverse and remand

for a new trial.

                     I.  BACKGROUND

     Appellant was tried for two counts of drug distribution

before a jury.  The paid police informant, Ronnie Hale, who

conducted the drug buys for which appellant was being tried,

testified at appellant's trial.  Hale had numerous prior

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

convictions and a number of pending charges, including perjury and arson.

Hale made his first buy from appellant on June 13, 1995. He telephoned appellant and arranged the drug purchase. Before the controlled buy occurred, the police searched Hale's person and his vehicle. He was given $270 to purchase the drugs.

The officer who searched Hale stated, "He was patted all the way down, fingers ran through his hair, his shorts were physically patted down by myself as well as pulled out and looked in by myself." The car was "searched behind the seat, the front seat, all moving parts, and then the passenger area." A tape case inside the vehicle also was searched, and the officer did a "physical view search of the bed and fender wells."

Police observed appellant open Hale's vehicle door, but they were not able to see the actual exchange of drugs for money. After the brief exchange, appellant drove away. The search of Hale after the exchange yielded cocaine and no money. The tape recorder placed on Hale did not operate properly. The police also searched Hale's vehicle and did not find any money.

Hale made the second buy from appellant on June 16, 1995. The police gave Hale $200 to purchase the drugs. Again, the police searched Hale's person and vehicle before the buy. Then, police saw appellant approach Hale's car and a brief encounter occurred. Appellant sold Hale additional cocaine. Hale and the

vehicle were searched after the sale, and no money was found. Appellant denied selling cocaine to Hale.

The evidence against appellant consisted primarily of Hale's testimony. On cross-examination, Hale denied any promise of leniency by the Commonwealth. He was released on an unsecured bond on several writs of capias, and none of the felony charges against him had been tried when he testified against appellant.

Hale also knew the routine of the controlled buys. He had assisted the sheriff's office twelve or thirteen times. He knew the interior of his vehicle would be searched but not the exterior. He also knew he would not be asked to remove his clothing or shoes. Furthermore, he knew the officers would not remove the quarter panels or look under the hood.

Appellant testified on his own behalf. During cross-examination, the following dialogue occurred between the prosecutor and appellant:

> Q. Mr. Newton, how many felonies have you been convicted of?
>
> A. I think three.
>
> Q. Three?
>
> A. I guess.
>
> Q. Isn't it true, sir, that you have been convicted of five felonies?
>
> A. I don't know.
>
> Q. Don't you recall being convicted of distributing cocaine in 1995?

-

A.  Yeah, probably.

Q.  Do you recall being convicted in 1988?

Appellant's counsel objected, contending the prosecutor could not ask the specific nature of the prior offenses.  The trial court overruled appellant's objection and permitted the cross-examination to continue.

Q.  Were you convicted of possession of LSD too in 1987?  Were you?

A.  Yeah, because in 1989 I was at home.

Q.  You weren't convicted of conspiracy to distribute more than one-half ounce of marijuana by this Court in November?

A.  Yes.

Q.  And weren't you convicted of distributing more than one-half ounce, but less than five pounds of marijuana in this Court in November of 1995?

A.  Yes.

The trial court instructed the jurors that they could "consider proof of the witness's prior conviction of a felony as affecting his credibility, but it does not render him incompetent to testify nor shall you consider it as evidence of his guilt of the offense for which he is on trial."

## II.  ANALYSIS

Appellant contends the trial court erred in permitting the prosecutor to enumerate his prior drug-related convictions during cross-examination.  We agree and reverse appellant's convictions.

-

The Commonwealth concedes that the trial court erred but contends the error was harmless.  In support of its position, the Commonwealth argues that because appellant was charged with distributing cocaine after having previously been convicted of the same offense, the Commonwealth was entitled to introduce, as a part of its burden of proof, a certified copy of an order reflecting appellant's 1988 drug distribution conviction.  Therefore, the Commonwealth argues, the jury was informed that appellant previously had been convicted of distributing cocaine, and the additional evidence of appellant's drug distribution was merely cumulative of evidence properly before the jury.  We disagree with the Commonwealth.

Generally, in order to avoid or minimize the prejudice inherent in proving prior felony convictions, the Commonwealth may impeach the credibility of the accused only by showing the fact and number of prior felony convictions.  See Harmon v. Commonwealth, 212 Va. 442, 446, 185 S.E.2d 48, 51 (1971).  Unless the prior conviction was for perjury, neither the nature of the felony nor the details of the conviction are admissible.  See id. If a defendant "testifies untruthfully about 'the fact of conviction' or the number of prior felony offenses, the Commonwealth may show that [he] has knowingly testified untruthfully about a material fact."  Powell v. Commonwealth, 13 Va. App. 17, 23-24, 409 S.E.2d 622, 626 (1991).

-

In *Powell*, this Court distilled from several cases the principles that govern the Commonwealth's impeachment of a defendant with the defendant's prior convictions. We held where

> a defendant/witness testifies untruthfully on direct examination about the number of prior felony convictions, he opens the door to cross-examination which is reasonably designed to elicit relevant evidence to show whether the defendant/witness knowingly testified falsely. The Commonwealth may not, however, resort to cross-examination which unnecessarily presents prejudicial information about the name or nature of prior convictions with little or no probative value.

*Id.* at 24, 409 S.E.2d at 626.

The Commonwealth concedes that it did not follow the procedure required by *Powell*.

> In Virginia, non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678 (emphasis added). "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict. Consequently, under Code § 8.01-678, a criminal conviction must be reversed unless "it plainly appears from the record and the evidence given at the trial that" the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

*Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*). Therefore, "we must review the record and

-

the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues."  Id. at 1007, 407 S.E.2d at 912.

Generally, an error is "presumed to be prejudicial unless it plainly appears that it could not have affected the result." Caldwell v. Commonwealth, 221 Va. 291, 296, 269 S.E.2d 811, 814 (1980) (citation omitted).  However, if a curative instruction is given to the jury, the usual presumption of prejudice is replaced by a presumption that the jury followed the instruction and disregarded the improper evidence.  See LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983).  In such a case, a conviction is not subject to reversal unless the error "suggests a manifest probability that it was prejudicial to the defendant." Boykins v. Commonwealth, 210 Va. 309, 313, 170 S.E.2d 771, 774 (1969) (citation omitted).

Appellant was tried for two counts of distribution of cocaine, both occurring in June 1995.  A 1988 conviction of drug distribution was properly before the jury because it was the predicate offense upon which the enhanced penalty was based.  The properly admitted 1988 conviction was seven years old, however, when the subject offenses were committed.  The improperly admitted convictions were almost contemporaneous with the subject offenses. These current convictions may well have greater influence on the jury than a much older conviction.

-

If the trial court had not erred, the jury only would have known of a seven-year-old conviction and five felony convictions. With the erroneously admitted convictions, the jury knew of almost contemporaneous distribution convictions and five convictions of drug offenses. We cannot say that the jury's knowledge of these drug charges did not affect the verdict despite the cautionary instruction. Hale's extensive criminal record, his lenient treatment by the Commonwealth, and a profit motive may well have created some doubt with the jury as to Hale's credibility.

We hold that there is a manifest probability that the improperly admitted convictions were prejudicial to appellant. The jury had to determine whether or not appellant was guilty of two counts of distribution of cocaine. They knew appellant had been convicted of the identical offense within the past six months. They also knew appellant had a total of five drug convictions. A cautionary instruction could not undo such damage.

For these reasons, we reverse appellant's convictions and remand for a new trial.

<u>Reversed and remanded.</u>

-