## Salem

NELSON JAMES ABLE, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0343-92-3

Decided June 22, 1993

COUNSEL

Elizabeth Murtagh; James Hingeley, Office of the Public Defender, for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Nelson Able, Jr. was convicted in a jury trial of two counts of cocaine distribution in violation of Code § 18.2-248. Able contends that the trial judge erred by not declaring a mistrial after the Commonwealth's attorney disclosed on cross-examination, without first allowing Able an adequate opportunity to admit to the fact of the felony conviction, that Able had a prior felony conviction for attempting to bribe a police officer. Able further contends that the trial judge erred by instructing the jury that, if it found Able guilty of both counts of distributing cocaine, it could apply the enhanced penalty provision of Code § 18.2-248 to the second conviction, despite the fact that Able had not previously been convicted of distributing drugs. Lastly, Able argues that the trial judge erred by failing to instruct the jury that, if it found Able guilty of the second charge but not guilty of the first charge, it could not apply the enhanced penalty provision to the conviction for the second charge.

Able's second assignment of error has no merit, and the third assignment of error is procedurally barred from review. Therefore, we affirm the trial judge's rulings regarding those two issues. We conclude, however, that Able was entitled to a mistrial after the Commonwealth's attorney improperly impeached Able by asking him whether he had been convicted of attempting to bribe a police officer without having first given Able an adequate opportunity to admit to the fact of a second felony conviction. Accordingly, we reverse Able's convictions and remand the case for a new trial.

An undercover police officer purchased cocaine from Able on May 10 and May 14, 1991. A grand jury indicted Able on two counts of cocaine distribution. At the arraignment, the trial judge advised Able that the punishment for a first conviction under Code § 18.2-248 is five to forty years and, for a second or subsequent conviction, the enhanced penalty provision is up to life imprisonment, which the jury would be permitted to recommend if it found him guilty of both counts. Able had received no prior notice that the Commonwealth was seeking to enhance the punishment if it obtained a second conviction.

Able testified on his own behalf at trial. On direct examination, in order to minimize the impact of being impeached during cross-examination by being asked about his prior felony convictions, Able admitted that he had been convicted of one felony and one misdemeanor involving moral turpitude. He further stated that the felony conviction was for unlawful wounding. He did not identify on direct examination the nature of the purported misdemeanor conviction involving moral turpitude. On cross-examination, the following exchange took place between Able and the Commonwealth's attorney:

Q. Now, you mentioned that you were convicted of unlawful wounding. I believe that was the crime your lawyer asked you about, is that right?

A. That's right.

Q. You were also convicted of another felony, weren't you, at the time?

A. Not to my knowledge.

Q. Weren't you convicted at the same time of attempting to bribe a police officer?

A. I wasn't convicted.

Defense counsel objected, and the trial judge excused the jury. Defense counsel explained to the judge that the second felony conviction that the Commonwealth's attorney mentioned was, in fact, the misdemeanor conviction that Able admitted to during direct examination. According to counsel, Able had identified the conviction as a misdemeanor in accordance with counsel's advice. Defense counsel had assumed that the conviction was for a misdemeanor because a statement in the Commonwealth's file listed the offense as "Attempt to bribe a police officer, 12/09/89, General District Court, six months." The Commonwealth's attorney explained that he had characterized the conviction as a felony because his file copy of the presentence report had it classified as a felony. Neither the Commonwealth's attorney nor defense counsel had checked the conviction order. During a called recess, the Commonwealth's attorney obtained a copy of the conviction order, which confirmed that the conviction for attempting to bribe a police officer was a felony.

Defense counsel moved for a mistrial on the ground that disclosing that Able had been convicted of attempting to bribe a police officer unduly prejudiced the outcome of the case. Defense counsel argued that the Commonwealth is permitted to elicit for impeachment only the fact and number of felony convictions, but not their name or nature. *See* Code § 19.2-269. Because the nature of the offense of attempting to bribe a police officer is so inflammatory and prejudicial, defense counsel asserted that Able was denied a fair trial. Relying on *McAmis v. Commonwealth*, 225 Va. 419, 422, 304 S.E.2d 2, 4 (1983), the trial judge overruled defense counsel's motion, holding that, when Able disclosed on direct examination that he had been convicted of malicious wounding, he opened the door to inquiry concerning the nature of the second conviction, regardless of whether it was a felony or misdemeanor involving moral turpitude.

When the jury returned to the courtroom, the judge instructed them that they could consider the fact of Able's prior convictions when evaluating Able's credibility as a witness, but not when determining Able's guilt or innocence of the distribution charges. The Commonwealth's attorney resumed cross-examination and established that Able had been convicted of two felonies. There was no mention that Able mistakenly classified the second conviction as a misdemeanor.

## I.

Code § 19.2-269 provides that "a person convicted of a felony or perjury shall not be incompetent to testify, but the fact of conviction may be shown in evidence to affect his credit." Generally, in order to avoid or minimize the prejudice inherent in proving prior felony convictions, the Commonwealth may impeach the credibility of the accused only by showing the fact and number of prior felony convictions. *Harmon v. Commonwealth*, 212 Va. 442, 446, 185 S.E.2d 48, 51 (1971); *Sadoski v. Commonwealth*, 219 Va. 1069, 1070, 254 S.E.2d 100, 101 (1979). Unless the prior conviction was for perjury, neither the nature of the felony nor the details of the conviction are admissible. *Id.*

The Commonwealth contends, however, that when Able testified on direct examination that his felony conviction was for malicious wounding, he opened up the scope of inquiry by testifying beyond the mere fact of his prior convictions. Relying upon *McAmis*, 225 Va. at 422, 304 S.E.2d at 4, and *Harmon*, 212 Va. at 445, 185 S.E.2d at 51,

the Attorney General argues by going into the nature and character of the convictions, the Commonwealth is entitled to cross-examine in regard to the evidence introduced by Able concerning the nature and character of the convictions. If the accused, in an effort to "less[en the] impact on the jury," opens up the scope of inquiry by disclosing the nature of his prior conviction, the Commonwealth may cross-examine him on any "matters relevantly raised by that testimony," including the specific names and degrees of the offenses. *Harmon*, 212 Va. at 445, 185 S.E.2d at 51.

Able argues, however, that he only opened the scope of the inquiry by disclosing the nature of the felony conviction for unlawful wounding and that he did not mention the nature of the second conviction, whether it be a felony or misdemeanor of moral turpitude. Able contends that he did not go into the conviction for a "misdemeanor involving moral turpitude" and, relying upon our holdings in *Powell v. Commonwealth*, 13 Va. App. 17, 22, 409 S.E.2d 622, 625 (1991), and *Joyner v. Commonwealth*, 10 Va. App. 290, 299, 392 S.E.2d 822, 826 (1990), the Commonwealth cannot seize upon what may be "a knowingly false answer . . . in order to purposely disclose prejudicial evidence." *Powell*, 3 Va. App. at 25, 409 S.E.2d at 627. He asserts that the record makes clear he was simply mistaken as to whether his conviction for attempting to bribe a police officer was a felony or misdemeanor. He further contends that even if the evidence shows that he misrepresented the number of felony convictions, the Commonwealth is allowed to impeach his credibility only in a manner "reasonably designed to elicit relevant evidence to show whether the defendant/ witness knowingly testified falsely." *Id.* at 24, 409 S.E.2d at 626. Thus, he argues, based on our holdings in *Powell* and *Joyner*, the Commonwealth was required to pursue an approach that would have shown that he misrepresented the fact or number of convictions without showing that he had been convicted of attempting to bribe a police officer. *Id.*

Code § 19.2-269 admits only "the fact of conviction" of a felony or perjury as evidence of a defendant/witness's credibility. Where the defendant intentionally misrepresents the "fact" and number of convictions, the Commonwealth is entitled to show both the intentional misrepresentation and the facts of conviction, but may resort to proof of the nature and character of the convictions only after other less prejudicial avenues have been explored. *Id.* We hold that where

the accused has disclosed on direct examination the nature of the felony conviction, he does not open the door for the Commonwealth to introduce evidence concerning the nature or character of another felony conviction he may have either purposefully or mistakenly misrepresented without first exploring the other alternatives to prove that the accused had more than one felony conviction and testified untruthfully. *See Cole v. Commonwealth*, 16 Va. App. 113, 115-16, 428 S.E.2d 303, 305 (1993).

The fact that Able disclosed that his felony conviction was for unlawful wounding did not entitle the Commonwealth to cross-examine Able about whether another felony conviction, which Able (without mentioning its nature) misrepresented to be a misdemeanor, was for attempting to bribe a police officer. In *Cole*, we held that under the *Harmon* and *McAmis* cases, the fact that an accused opened the door by mentioning the nature of one felony conviction did not open the door to cross-examination concerning the nature of all convictions because it is only the fact of conviction that is relevant, except where the accused has knowingly testified falsely. *Id.*

The Commonwealth had provided Able the information that led him and his counsel to conclude that his second conviction was for a misdemeanor. The Commonwealth's attorney, without confronting Able with any documentation that was designed to clarify the number of felony convictions, immediately asked whether the second conviction that was for a felony was for attempting to bribe a police officer. Several avenues were available by which the Commonwealth could have clarified the fact of conviction and whether Able purposely misrepresented the number of felony convictions. *Id.* It is incumbent upon the Commonwealth first to pursue other less prejudicial avenues in attempting to show that the accused intentionally falsified the number of past felony convictions. *Powell*, 13 Va. App. at 26, 409 S.E.2d at 618. "The Commonwealth may not use what appears to be a knowingly false answer as a license to engage in cross-examination in order to purposely disclose prejudicial evidence." *Id.* at 25, 409 S.E.2d at 627.

The trial court gave a limiting instruction that told the jury that the evidence of other offenses could only be considered for impeachment of the defendant and could not be considered as evidence of his guilt or in assessing punishment. "Unless the record shows to the contrary, it is to be presumed that the jury followed an explicit cautionary instruction. . . ." *Albert v. Commonwealth*, 2 Va. App. 734, 741, 347

S.E.2d 534, 538 (1986). However, the cautionary instruction could not cure the great prejudicial effect caused by disclosure that Able attempted to bribe a police officer. The jury could not have disregarded such prejudice. We conclude, therefore, that the trial court erred by not granting Able a mistrial after the Commonwealth's attorney improperly disclosed the name of Able's prior felony conviction.

For the foregoing reasons, we reverse Able's convictions and remand for a new trial.

## II.

Code § 18.2-248(C) provides that "[u]pon a second or subsequent conviction" of manufacturing, selling, giving or distributing a Schedule I or II controlled substance, the judge or jury may, in its discretion, impose upon the defendant an enhanced punishment of up to life imprisonment, rather than the forty-year maximum for a first offender. The statute does not require that, in order for the enhanced penalty provision to obtain, the defendant must have been convicted of a first offense before committing the second offense. *Mason v. Commonwealth*, 15 Va. App. 260, 262, 430 S.E.2d 543, 543 (1993). In *Mason*, we recognized that although one purpose of recidivist statutes may be to give convicted felons an incentive to reform, in which case the prior conviction must precede the commission of the second offense, the purpose of other recidivist statutes is "to protect society against habitual criminal conduct and to impose further punishment upon criminals for habitual criminal conduct." *Id.* (citing *Wesley v. Commonwealth*, 190 Va. 268, 276, 56 S.E.2d 362, 365 (1949); *Ansell v. Commonwealth*, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)). Consequently, an enhanced punishment may be applied where there are successive convictions of separate offenses in a single proceeding. *Id.* (citing *Morris v. Commonwealth*, 228 Va. 206, 210-12, 321 S.E.2d 633, 635-36 (1984); *Flythe v. Commonwealth*, 221 Va. 832, 833-35, 275 S.E.2d 582, 583-84 (1981); *Ansell*, 219 Va. at 763, 250 S.E.2d at 763).

As we held in *Mason*:

The purpose of the enhanced punishment provision of Code § 18.2-248(C) is to halt and punish those who repeatedly sell drugs. To construe the statute as Mason suggests would enable an offender to engage in a spree of drug sales over an extended period of time prior to his apprehension and to receive the

status of a first offender as to each violation. Such an interpretation would be contrary to the clear legislative intent and unreasonably restrictive.

*Id.* (citation omitted). Therefore, the trial court did not err by instructing the jury that, in the event that Able was convicted of both the May 10 and May 14 distribution offenses, it could enhance his punishment for the second conviction pursuant to Code § 18.2-248(C).

■ Furthermore, we read no requirement in Code § 18.2-248 that the indictment must state that the offense charged is a "second or subsequent offense" to which the enhanced penalty provision may apply. While some recidivist statutes include proof of a prior conviction as an element of the offense, thereby requiring the indictment to state that the offense is charged as a second offense, no such requirement is specified in Code § 18.2-248. *See Ansell*, 219 Va. at 762, 250 S.E.2d at 762. Proof that the accused has two convictions subjects him to an enhanced punishment. Had the legislature intended an indictment under Code § 18.2-248 to require such language, it could have provided so specifically. *See* Code §§ 18.2-104(b) and 19.2-297. Thus, the trial court did not err by ruling that Able received adequate notice at his arraignment that the recidivist statute would apply if he was convicted of both offenses.

### III.

Able's claim that the jury instruction on the enhanced penalty provision was confusing as to all possible punishments is procedurally barred. Able did not raise this objection at trial. Consequently, he has waived the right to have the issue considered on appeal. Rule 5A:18.

For the foregoing reasons, we affirm Able's convictions.

*Reversed and remanded.*

Koontz, J., and Bray, J., concurred.