## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Long

May 22, 1995

Case No. CF950102

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Motions in Limine filed by both parties.

Defendant's motion to preclude the Commonwealth from introducing evidence of Defendant's prior conviction of driving after having been declared an habitual offender in the guilt phase of the trial is granted. The Court finds that the statutory enhancement of punishment found in Code of Virginia, § 46.2-357(B)(2), is a "specific recidivist" statute designed by the legislature to deter repeated or habitual criminal behavior. A prior conviction is not a necessary element of the offense since none is required in order to enhance the punishment. See *Able v. Commonwealth*, 16 Va. App. 542 (1993), and *Mason v. Commonwealth*, 15 Va. App. 260 (1993). These "specific recidivist" statutes are distinguishable from general recidivist statutes which require a prior conviction as a predicate to the enhanced punishment and usually create a separate offense. See *Ansell v. Commonwealth*, 219 Va. 759, 762 (1979).

Under the Court of Appeals holdings in *Able* and *Mason*, specific recidivist statutes do not require a prior conviction as an element of the offense unless the legislature intends such an element be a part of the proof and specifically says so. See *Able*, at 550; cf. *Pittman v. Commonwealth*, 17 Va. App. 33 (1993); *Farmer v. Commonwealth*, 10 Va. App. 175 (1990) aff'd on reh'g, 12 Va. App. 337 (1991) (*en banc*).

The language of the statute here (§ 46.2-357(B)(2)) is similar to the language of the statute in *Able* and contains no legislative direction that an actual conviction of the prior offense is required. Hence, the Defendant's motion is granted as to the guilt phase of the trial.

Defendant has argued that the Commonwealth should be precluded from introducing the record of the prior conviction in the sentencing phase. He argues that the case was continued by the Court over his objection and that the Commonwealth had failed to comply with the statutory requirement of § 19.2-295.1 that notice be given of convictions to be introduced in the sentencing phase of the trial fourteen days before trial. After the continuance and the rescheduling of the trial, the Commonwealth complied. This is sufficient.

This matter was continued by the Court *sua sponte* on the morning of trial because of the complex issues raised by the parties' motions. The Commonwealth did not seek the continuance, and, in fact, the Court noted the objections of both parties to its action. Under these circumstances, absent the continuance being requested by the Commonwealth for a tactical advantage, Defendant's motion regarding the sentencing phase is denied.

The Commonwealth has filed a motion in limine to preclude the Defendant from offering evidence as to why the Defendant was driving. The Commonwealth argues that "necessity" or extreme emergency is not a defense to the charge but rather, by statute, can be shown in mitigation of punishment. (See § 46.2-357(B)(2) which allows suspension of the minimum mandatory sentencing provisions where driving is done in an "apparent extreme emergency.") Defendant argues that the statute does not abrogate his right to raise the common law defense of necessity, and, in the alternative, the Defendant can, if he takes the stand, testify as to the facts and circumstances surrounding the offense.

The legislature has, by providing that the necessity of driving because of an extreme emergency is in mitigation of punishment rather than a defense, determined that necessity is not a defense on the merits. Hence, no instruction on necessity as a defense will be given and counsel cannot argue that it is a defense.

However, the Defendant, if he elects to testify, may relate the facts and circumstances of the offense in the guilt phase notwithstanding its effect on sentencing. See *Commonwealth v. Mason*, 14 Va. App. 609 (1992).