COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


MICHAEL LYNN WILLIS

v.        Record No. 1195-95-3        MEMORANDUM OPINION[*] BY
                                      JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                   APRIL 23, 1996


FROM THE CIRCUIT COURT OF PULASKI COUNTY
Colin R. Gibb, Judge

K. Mike Fleenor, Jr. (Crowell, Nuckols,
Layman & Aust, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


On appeal from his convictions of distribution of cocaine,

Michael Lynn Willis contends that the trial court erred in

denying his motion to require the Commonwealth to provide him a

copy of the order revoking a Commonwealth witness' probation and

a copy of the conditions of probation that were violated.  We

find no error and affirm the judgment of the trial court.

Two indictments were lodged against Willis, each charging

him with distribution of cocaine.  An October 31, 1994 trial

resulted in his conviction under Indictment 93.238.  The jury was

unable to reach a verdict with respect to Indictment 93.239, and

as to that indictment, the trial court declared a mistrial.

Willis was retried and convicted under Indictment 93.239 on

_____
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

February 16, 1995.  His assignment of error addresses proceedings at the February 16, 1995 trial.  The October 31, 1994 conviction is unaffected by this appeal.

On February 19, 1993, Adrian Harvey, who was working for the Pulaski County Drug Task Force, met with police in "the Park," an empty parking lot behind an old factory in downtown Pulaski.  The police placed a body transmitter and tape recorder on Harvey.  Both he and his vehicle were searched, and no drugs were found.  Harvey was then given $100 to buy crack cocaine from Willis.  The police followed Harvey and saw him enter Willis' apartment.  Willis sold Harvey three rocks of crack cocaine.  Within ten minutes of leaving Willis' apartment, Harvey delivered the cocaine to the police.

Prior to trial, Willis filed a motion for discovery and for a bill of particulars.  The Commonwealth advised Willis that Harvey had two prior felony convictions, one for making a false statement on a firearms application and one for grand larceny, and two misdemeanor convictions of petit larceny.  On the morning of the trial, the Commonwealth advised Willis that Harvey had been incarcerated for violating the conditions of his probation and that his probation for the two petit larcenies had been revoked.  This occurred in a jurisdiction outside of Pulaski County.  Willis moved the trial court to require the Commonwealth to provide him a copy of the court order revoking Harvey's probation and a copy of the notice of conditions violated.  The

trial court denied this motion.

At trial, Willis thoroughly cross-examined Harvey concerning all his prior convictions. Willis brought out the fact that Harvey had charges pending against him for possession of cocaine with intent to distribute and possession of marijuana. Harvey admitted that those charges were pending against him and that he was testifying in the hope of receiving favorable treatment.

Willis contends that if he had been allowed to cross-examine Harvey as to why his probation was revoked, he could have impeached Harvey by further discrediting him. He argues that a revocation of probation should be considered a conviction. We disagree.

> Code § 19.2-269 provides:
> A person convicted of a felony or perjury should not be incompetent to testify, but the fact of conviction may be shown to affect his credit.

A party may impeach a witness' credibility "only by showing the fact and number of prior felony convictions." Able v. Commonwealth, 16 Va. App. 542, 546, 431 S.E.2d 337, 339 (1993). Only a conviction, not a revocation of probation, may be used to impeach the credibility of a witness.

> Although no general constitutional right to discovery exists in a criminal case in this Commonwealth, due process requires that the prosecution produce evidence favorable to the accused upon request when that evidence is material either to guilt or punishment. Disclosure is required only if the evidence is both favorable to the accused and material either to guilt or to punishment.

Keener v. Commonwealth, 8 Va. App. 208, 212, 380 S.E.2d 21, 23

(1989) (citations omitted).

> Evidence is material either to guilt or to punishment . . . if there exists a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."

Id. at 215-16, 380 S.E.2d at 26 (citation omitted).

Because the conditions of probation and probation revocation order that Willis sought could not have been used by him to impeach Harvey, that information was not material and was not a proper subject of discovery.

The judgment of the trial court is affirmed.

Affirmed.