COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Chesapeake, Virginia


RAMONDO D. FOGG
                                         OPINION BY
v.    Record No. 0382-99-1        JUDGE JERE M. H. WILLIS, JR.
                                          MARCH 7, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                   Christopher W. Hutton, Judge

            Robert E. Long (Robert E. Long & Associates,
            Ltd., on briefs), for appellant.

            Virginia B. Theisen, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     On appeal from his convictions of possession with intent to

distribute cocaine, in violation of Code § 18.2-248, and

possession with intent to distribute marijuana, in violation of

Code § 18.2-248.1, Ramondo D. Fogg contends that the trial court

erred in denying his motion to suppress evidence found in the

search of the vehicle he was driving, because (1) as bailee of

the vehicle, he had a reasonable expectation of privacy and

therefore had standing to object to the search, (2) the police

lacked a reasonable and articulable suspicion of criminal

activity justifying the stop, and (3) the investigative stop

should have been abandoned when the officers realized that the

passenger in the vehicle was not the juvenile for whom they were

searching.  Because we find that the stop was valid, that further investigation was justified, and that the police had proper consent to search the vehicle, we affirm the judgment of the trial court.

## I.  Background

"Ultimate questions of reasonable suspicion and probable cause . . . involve questions of both law and fact and are reviewed de novo on appeal. . . . [We are, however,] bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them . . . ." McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).

On August 5, 1998, Fogg was driving an Acura with Tamara Hogge as a passenger.  Hogge's grandmother owned the vehicle and had given Hogge permission to use it.  Earlier that morning, Hampton police had received a report that a seventeen-year-old runaway, C.C., had been spotted in the Buckroe area of Hampton.  Hampton Police Officers Schaeffer and Butler, searching for C.C., stopped the Acura when Officer Schaeffer observed that Hogge fit C.C.'s description.

Officer Schaeffer asked Hogge to exit the vehicle, so that the two officers could conduct the investigation separately.  When Hogge exited the vehicle, Officer Schaeffer noticed that she was nervous and attempted to conceal a large sum of cash from his view.  He asked her name, and when she responded, he

recognized her from a previous arrest. When asked about the cash, Hogge replied that the money belonged to Fogg and that he had given it to her because a warrant for his arrest was outstanding. Officer Schaeffer learned that Hogge's grandmother owned the vehicle and that she had given Hogge permission to use it. Hogge gave the officers permission to search the vehicle and signed a consent form to that effect.

While Officer Schaeffer spoke with Hogge, Officer Butler questioned Fogg about his identity. Fogg told Officer Butler that he did not have a driver's license, but that he was on his way to the DMV to get a new one. He initially gave the officer a false name and a false social security number. A computer check immediately disclosed this falsehood. Fogg later admitted, after the search, that there might be a warrant outstanding for his arrest.[1]

Searching the vehicle pursuant to Hogge's consent, Officer Schaeffer found a green book bag containing marijuana, a roll of plastic bags, an electronic scale, and crack cocaine. When questioned about the drugs and paraphernalia, Fogg admitted giving the police a false identification. He also admitted that the book bag was his and stated that Hogge had no knowledge of its contents.

---

[1] There was, in fact, an outstanding warrant for Fogg's arrest, for his failure to appear on a prior matter.

At the suppression hearing, Officer Schaeffer recalled no objection by Fogg to the search of the Acura. Officer Butler was not asked whether Fogg consented. Fogg testified that he objected to both officers. He testified that Hogge's grandmother had given him permission to use the vehicle. The trial court denied the motion to suppress, ruling that the officers had proper consent to search the vehicle, that Fogg lacked standing to object to the search, and that Hogge's statement to Officer Schaeffer that a warrant was outstanding for Fogg's arrest, coupled with Fogg's provision of false information to Officer Butler, required the officers to investigate further.

## II.  The Investigative Stop

Fogg concedes that the initial stop of his vehicle was lawful. The officers were investigating a report of a missing juvenile who fit Hogge's description. He contends, however, that the only reasonable and articulable suspicion possessed by the officers was based upon the search for C.C. and that as soon as Officer Schaeffer realized that Hogge was not C.C., the officers should have abandoned the stop.

"A consensual encounter can follow a legitimate detention." Rettinger v. Commonwealth, 29 Va. App. 724, 730, 514 S.E.2d 775, 778 (1999) (en banc). Officer Schaeffer testified that Hogge was free to go after he determined that she was not C.C. However, while determining that Hogge was not C.C., the officers

became properly suspicious of criminal activity by Fogg. A new detention may follow a completed detention when the police have acquired additional information. See Jackson v. Commonwealth, 22 Va. App. 347, 353, 470 S.E.2d 138, 141 (1996).

When Officer Schaeffer inquired about the large sum of money Hogge was carrying, she stated that it belonged to Fogg and that he had given it to her because of an outstanding warrant for his arrest. While Officer Schaeffer was questioning Hogge, Fogg gave false information to Officer Butler. Thus, information acquired by the officers during the valid initial detention gave them a further "reasonable and articulable suspicion" of criminal activity on Fogg's part, justifying further detention and investigation.

### III. Reasonable Expectation of Privacy by Fogg

Fogg next contends that he possessed a reasonable expectation of privacy in the Acura and that the search of the Acura was invalid because it was conducted without his consent. He testified at trial that Hogge's grandmother gave him permission to drive the Acura and that the officers sought Hogge's consent to search the vehicle only after he denied consent to each officer.

Fogg argues on brief that the trial court erred in admitting Officer Schaeffer's testimony that Hogge consented to the search. Although he objected to that testimony at trial, he did not assign it as error on appeal. Thus, he is precluded

from arguing now that the testimony should not have been admitted.  See Rule 5A:12.

Fogg argues further that the Commonwealth did not call Hogge or her grandmother as witnesses.  He made no attempt to proffer testimony by either woman to corroborate his testimony.  He cannot argue now that they could have settled the issue of who had permission to drive the vehicle and to give consent for its search.  See Rule 5A:18; Zelenak v. Commonwealth, 25 Va. App. 295, 302, 487 S.E.2d 873, 876 (1997).

Fogg testified that he had sole permission to drive the vehicle and that he refused consent to its search.  The police officers testified that Hogge told them she had permission to use the car and consented to the search.  Officer Schaeffer did not recall asking for or being refused consent to search by Fogg.  Officer Butler was not questioned about whether Fogg consented.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The trial court determined that Hogge had permission to use the car and that her consent legitimized the search, regardless of whether Fogg objected.  The record supports this determination.

Fogg's standing to object to the search was based not upon his physical relationship to the vehicle, but upon whether he

had "lawful and exclusive possession and control thereof

. . . ." Delong v. Commonwealth, 234 Va. 357, 363, 362 S.E.2d

669, 672 (1987). At best, he shared possession and control of

the vehicle with Hogge. See Hardy v. Commonwealth, 17 Va. App.

677, 681, 440 S.E.2d 431, 437 (1994).

Hogge gave the officers permission to search the vehicle.

The vehicle was her grandmother's, and she had permission to use

and control it. Thus, "the facts available to the officer at

[the time of the search] . . . 'warrant[ed] a man of reasonable

caution in the belief that the consenting party had authority

over the premises.'" Illinois v. Rodriquez, 497 U.S. 177, 188

(1990) (citation omitted). At no time during the stop did Fogg

assert that he had a right to the car superior to Hogge's.

"Even [if Fogg] had standing as a bailee to object to the

officer's searching the vehicle[], the search was nevertheless

valid because the []bailor['s immediate bailee] . . . consented

to the search." Hardy, 17 Va. App. at 681, 440 S.E.2d at 437.

The judgment of the trial court is affirmed.

Affirmed.