COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


JOHN EMORY REDDING

                                    MEMORANDUM OPINION* BY
v.    Record No. 0542-99-1          JUDGE RICHARD S. BRAY
                                        MAY 23, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    A. Bonwill Shockley, Judge

            Edward W. Webb, Assistant Public Defender,
            for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


    John Emory Redding (defendant) appeals his convictions for

possession of marijuana and cocaine.  He complains that the

trial court erroneously denied his motion to suppress evidence

discovered by police during the consensual search of a

residence.  Finding no error, we affirm the trial court.

    The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

    On appeal from a motion to suppress evidence, "we consider

the entire record," Patterson v. Commonwealth, 17 Va. App. 644,

─────────────────────

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

648, 440 S.E.2d 412, 415 (1994), viewing the evidence in the light most favorable to the prevailing party below, the Commonwealth in this instance.  See Shaver v. Commonwealth, 30 Va. App. 789, 794, 520 S.E.2d 393, 396 (1999).  "When reviewing a Fourth Amendment suppression ruling, 'we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them.'  However, we consider de novo whether those facts implicate the Fourth Amendment and, if so, whether the officers unlawfully infringed upon an area protected by the Fourth Amendment."  Id. at 794-95, 520 S.E.2d at 396 (citations omitted).

## I.

During the investigation of several burglaries, a "suspect" advised police that "some of the stolen property" was located in "her room" at her mother's home.  Accordingly, Virginia Beach Police Sergeant J.B. Spry "responded" to the residence and was received by the suspect's mother, the "homeowner."  Spry "explained . . . that [her] daughter was involved in these burglaries[,] [had] indicated that . . . some of the property was in her [bed]room and asked [the mother] for permission to search the room in the house and recover stolen property."  The mother consented and "showed [Spry] to [the] bedroom . . . occupied by her daughter."  The record does not disclose the age of the daughter, the circumstances of her occupancy, or her whereabouts.

-

Spry found the room "in disarray," with "property and clothing all over the place." While Spry was "looking around" "trying to figure out where to start," defendant, fully clothed, entered the room, identified himself as John Redding and "attempted to remove a pair of pants that was in a pile of clothing." The record is silent with respect to defendant's relationship to the premises generally and to the room, together with its contents, in particular.

Spry explained his "reason for being there" and advised defendant that he "wasn't going to allow him to remove anything that could possibly be part of the burglary." Defendant then "grabbed a handful of papers" "protruding from [a] pocket" in the pants, which Spry "took away from him immediately," examined and returned to defendant. When defendant declared that "he wanted his pants," Spry "advised . . . he could have his pants just as soon as [Spry] ma[de] sure that there was nothing in the pants that would have been part of the burglary."[1] A search of the trousers by Spry revealed the offending marijuana and cocaine. The record provides no details of the circumstances that facilitated the actual search.

Defendant does not dispute that the suspect's mother was the owner of the home, consented to the search of the residence, and escorted police to her daughter's room. Nevertheless, he

---

[1] Property stolen in the burglaries included "jewelry . . ., personal papers, checks – all different types of items."

-

maintains that such consent did not authorize a search of the trousers, absent his contemporaneous authorization.

## II.

"The Fourth Amendment to the United States Constitution protects 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'  These protections apply to people, not places[.]" Johnson v. Commonwealth, 26 Va. App. 674, 682, 496 S.E.2d 143, 147 (1998).  The

> reasonableness requirement generally
> prohibits the warrantless entry of a
> person's home . . ., in which one has a
> reasonable expectation of privacy.  "It does
> not apply, however, to situations in which
> voluntary consent has been obtained, either
> from the individual whose property is
> searched, or from a third party who
> possesses common authority over the
> premises."

Jones v. Commonwealth, 16 Va. App. 725, 727, 432 S.E.2d 517, 518-19 (1993) (quoting Illinois v. Rodriguez, 497 U.S. 177, 181 (1990) (citations omitted)).

Thus, "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." United States v. Matlock, 415 U.S. 164, 170 (1974).  However, Matlock does not "suggest[] that the validity of a third party consent is dependent upon the absence" of an accused sharing authority over the premises and effects.  Walls v. Commonwealth,

-

2 Va. App. 639, 651, 347 S.E.2d 175, 182 (1986). "[W]here the defendant is present and not objecting, the police are not thereby prevented from relying on a consent to search given by a third party with sufficient authority." Id.; see Fogg v. Commonwealth, 31 Va. App. 722, 727-28, 525 S.E.2d 596, 599 (2000) (despite objection by person with "shared possession and control" of property, others with "'authority over the premises'" may consent to search (citation omitted)).

Accordingly, defendant's initial contention that the homeowner's consent, under the instant circumstances, was insufficient to justify a search of the room and contents, without further authority from him, is without merit. Similarly, defendant's related argument that the search of the pants was "illegal" because Spry "failed to honor . . . defendant's refusal to consent" is incorrectly predicated upon the necessity for such consent. Defendant does not argue and the record does not reflect that he expressed to Spry an objection to the search, rather, that he did not consent to it. See id.

We acknowledge that circumstances may arise that trump third party consent, requiring the additional consent of persons having an array of diverse privacy interests in a premises or related contents. However, we are unable to find such circumstances on the instant record and expressly decline to speculate upon such issues.

-

Accordingly, we affirm the decision of the trial court.

                                    Affirmed.