COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Baker and Bray
Argued at Norfolk, Virginia


BRIAN KEITH COOPER

                                   MEMORANDUM OPINION[*] BY
v.         Record No. 1282-97-1   JUDGE JOSEPH E. BAKER
                                       APRIL 7, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Robert P. Frank, Judge

          James S. Ellenson for appellant.

          Richard B. Smith, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.



     Brian Keith Cooper (appellant) appeals from judgments of the

Circuit Court of the City of Newport News (trial court) that

approved jury verdicts convicting him of raping, robbing, and

abducting a female (victim) with intent to defile.  He contends

the trial court erroneously permitted the Commonwealth to

introduce his prior misdemeanor conviction for sexual assault.

For the reasons that follow, we affirm appellant's convictions.

     Upon familiar principles we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  See Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Viewed accordingly, the record discloses that on February 1,

1997, victim was grocery shopping at Food Lion at about

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

8:00 p.m.  When she walked from the store to her truck, a man she later identified as appellant forced her into the truck at knifepoint and drove her to the back of the store, where he raped and robbed her.  She immediately reported the incident to the police; however, her assailant had departed.  Two months later, she saw appellant walking down the street.  She reported to the police where she had seen appellant, and the police apprehended him.

Detective Price interviewed appellant on April 10, 1996.  When Price told appellant he was investigating a rape complaint, appellant "told [Price] he didn't do anything like that because he was a family man."  Price testified to that effect, without objection, during the Commonwealth's case-in-chief.

Appellant testified at trial and admitted to having sexual intercourse with the victim, but he contended it was consensual.  He denied having any prior felony convictions but admitted he had "been convicted of one petit larceny shoplifting charge."  On cross-examination, appellant admitted telling Price that he would not commit rape because he was a family man, and appellant's counsel registered no contemporaneous objection to that line of questioning.  The following exchange then took place:

          Q    What does you saying you're a family man
          have to do with an investigation of rape and
          abduction?

          A    Because rape is something violent and,
          you know, I don't understand any man that has
          to do something like that with a woman.

               *    *    *    *    *    *    *

- 2 -

Q    You're saying you've never done anything like that?

A    Never done nothing like that.

With the jury absent, the prosecutor proffered a copy of appellant's 1990 New Jersey conviction of criminal sexual contact for "intentinally [sic] touching the . . . [female victim's] buttocks . . . with the intent to humiliate the victim by coercion (deception)."  Defense counsel objected because the prior crime was not a rape.  In "an overabundance of caution," the trial court refused to admit the conviction but agreed to allow the prosecutor to continue that line of questioning to attempt to lay a proper foundation.

In the presence of the jury, the cross-examination of appellant continued:

Q    Are you saying that you have never and would never commit rape, meaning actual penetration of a woman against her will, without her consent, is that correct?

A    Exactly.

Q    All right.  Well, how about fondling a woman without her consent, would you ever do that?  Have you ever done that?

A    I would never disrespect a woman like that.

Appellant's counsel objected, saying that was "a wrong question." The trial court overruled the objection.  When the prosecutor showed appellant his 1990 New Jersey conviction, appellant's counsel objected "to this whole line [of questioning]," saying,

- 3 -

"The door has not been opened this wide and what [the prosecutor is] doing is completely against the rules."  The trial court overruled the objection.  Appellant then again denied voluntarily, "inappropriately, wrongfully fondling a woman," and the trial court permitted the Commonwealth to offer the prior conviction into evidence.

On re-direct examination, appellant's counsel read aloud the 1990 New Jersey conviction.  Following that, appellant testified extensively concerning its contents.  He testified that he had pled guilty to the offense, had forgotten some of the details surrounding the conviction until the rape charge here had been made, and guessed he had not had a lawyer represent him in New Jersey.  He described the place the sexual contact had been made, detailed the time and crowd of people present, denied he had touched the female's buttocks, explained how the incident happened, claimed it was an accident, and said the victim had rejected his attempt to apologize by calling him a "black B-I-T-C-H."

At the conclusion of re-direct, the trial court, <u>sua</u> <u>sponte</u>, gave the following limiting instruction:

> All right.  Ladies and gentlemen, we've spent some time on this conviction.  I want you to understand that this conviction, in no way, means that this defendant has an inclination to commit this kind of offense that we're dealing with today.  It doesn't mean that he has a general disposition to do it, so it's not relevant as to whether he's guilty or not.  Please understand that.
> It's simply introduced to rebut or impeach part of his testimony and you should

- 4 -

only deal with it in that way and no further.

The court asked the jury if they understood, and they responded, "Yes."

The sole issue presented by this appeal is whether, on this record, the judgments must be reversed because the trial court permitted the Commonwealth to introduce a copy of a record of appellant's prior conviction in the State of New Jersey for "an act of criminal sexual conduct" upon a female. Appellant concedes that when he testified, he was subject to being cross-examined; however, he asserts, he made no statements that permitted the Commonwealth to examine him on his prior record of wrongful sexual contact of a female.

The Commonwealth contends the New Jersey record was admissible for the purpose of impeachment. We agree. Once appellant made the statement to Detective Price that he was a "family man" and appellant chose to testify, he was subject to cross-examination on the statement and its meaning in the context of the crime charged for purposes of impeachment. When examined concerning the meaning of his "family man" statement, appellant responded that "rape" was "violent" and he could not understand how a man could do that to a woman. Upon further questioning, he said he also would never "disrespect a woman" by "fondling [her] without her consent." The trial court then properly permitted the Commonwealth to show the New Jersey conviction for impeachment purposes.

Appellant counters that the prior conviction evidence was more prejudicial than probative and should not have been admitted. Determining whether the probative value of evidence outweighs the possible prejudice is the responsibility of the trial court and rests within its sound discretion. See Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). Here, no abuse of discretion has been shown.

Appellant's obvious use of the words "family man" and denial of "disrespect" of a woman were calculated to mislead the jury and "opened the door" for cross-examination for the purpose of attacking his credibility. See Santmier v. Commonwealth, 217 Va. 318, 319-20, 228 S.E.2d 681, 682 (1976). Moreover, the trial court carefully and accurately cautioned the jury how they were to treat the previous conviction evidence. Nothing in this record shows the jury disregarded the trial court's instruction, and we must presume the jury followed the instruction. See Albert v. Commonwealth, 2 Va. App. 734, 741, 347 S.E.2d 534, 538 (1986) (citing LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983)).

Finally, where an accused unsuccessfully objects to evidence which he considers improper and, on his own behalf, introduces further evidence of the same character, he thereby waives his objection. See Hubbard v. Commonwealth, 243 Va. 1, 9, 413 S.E.2d 875, 879 (1992). Here, appellant waived any objection he may have had by giving an extensive account of the facts surrounding

his prior conviction, attempting to show that, although he pled guilty, he actually was not. Therefore, even if we were to hold that the trial court erred in admitting the conviction, this rule of law also would bar our reversal.

For the reasons stated, the judgments of the trial court are affirmed.

<u>Affirmed.</u>